LORETTA LYNCH
Attorney General
VANITA GUPTA
Principal Deputy Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
ELIZABETH A. SINGER
Director, U.S. Attorneys' Fair Housing Program
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice

LAURA E. DUFFY
United States Attorney
JOSEPH P. PRICE, JR.
DYLAN M. ASTE
Assistant U.S. Attorneys
California Bar No. 131689/281341
Office of the U.S. Attorneys
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7642/7621
Fax: (619) 546-7751
Email: Joseph.Price@usdoj.gov
Email: Dylan.Aste@usdoj.gov

Attorneys for the
United States of America

## IN THE UNITED STATES DISTRICT COURT FOR THE

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        v.<br><br>SAN DIEGO FAMILY HOUSING, LLC;<br>and LINCOLN MILITARY PROPERTY<br>MANAGEMENT, LP d/b/a LINCOLN<br>MILITARY HOUSING,<br><br>                Defendants. | Case No.: **'16 CV 2008 BAS KSC**<br><br>**COMPLAINT** |

The United States of America, by its undersigned attorneys, alleges as follows:

## **NATURE OF ACTION**

1.      This action is brought by the United States to enforce the provisions of the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901-4043.

2.      Defendants own and operate military housing properties in San Diego County.  Defendants provide housing to members of the United States military, including members of the Department of the Navy.  Defendants improperly pursued and obtained default judgments in unlawful detainer actions to evict servicemembers from housing without filing a correct affidavit as to each servicemember's military status, in violation of the SCRA.

3.      A purpose of the SCRA is to provide servicemembers with protections against certain transactions that could adversely affect their civil legal rights while they are in military service.  One of those protections is the requirement that if the defendant does not make an appearance in a civil action, the plaintiff must file an affidavit with the court stating whether the defendant is in military service and showing necessary facts to support the affidavit.  Once put on notice that the defendant is in military service, the court may not enter judgment until it appoints an attorney to represent the defendant.  The court shall also grant a stay of proceedings for a minimum of 90 days upon application of counsel, or on the court's own motion if there may be a defense to the action that cannot be presented without the presence of the defendant or, after due diligence, counsel has been unable to contact the defendant or otherwise determine if a meritorious defense exists.

4.      By failing to file proper affidavits of military service with the court, Defendants denied servicemembers their right to have an attorney appointed to represent them and their right to have the court review whether their evictions should be delayed to account for their military service.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 and 50 U.S.C. § 4041(a).

6.      Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to the United States' claims occurred in this district, and Defendants are located and transact business in this district.

7.      The United States commences this action timely and in accordance with any applicable statutes of limitations.

**PARTIES**

8.      Plaintiff United States of America files this complaint on behalf of United States Military servicemembers.

9.      The defendants are San Diego Family Housing, LLC; and Lincoln Military Property Management, LP d/b/a Lincoln Military Housing (collectively "Lincoln").

10.      Defendant San Diego Family Housing, LLC owns and operates dozens of on-base and off-base military housing communities throughout San Diego County. These communities serve as residences for thousands of servicemembers and their families.  San Diego Family Housing, LLC's managing member is Lincoln/Clark San Diego, LLC.

11.      Defendant Lincoln Military Property Management, LP provides property management services at military housing communities owned and operated by San Diego Family Housing, LLC.

12.      At all times relevant in this Complaint, Lincoln acted through its employees and agents.  Under agency principles, Lincoln is liable for the acts alleged

herein because such acts were committed by employees or agents of Lincoln within the scope of their actual and apparent authority and for the benefit of the Lincoln.

## FACTUAL ALLEGATIONS

13.     Lincoln owns and operates military residential properties that house servicemembers.

14.     Lincoln contracts with the Navy and other branches of the United States Military to provide residential housing units for servicemembers and their dependents.

15.     Lincoln conducts all landlord duties and responsibilities at its residential properties.

16.     To evict a tenant, Lincoln files an unlawful detainer action in a California state court, as is required by California state law.

17.     If the tenant does not respond, Lincoln files a Request for Entry of Default.[1]

18.     From 2008 through 2013, Lincoln filed Request for Entry of Default forms in unlawful detainer actions naming multiple active duty servicemembers as defendants.

19.     Lincoln incorrectly represented to the court that these servicemember-defendants in the unlawful detainer actions were not servicemembers.

20.     Lincoln failed to file an affidavit stating the military status of each of these servicemember-defendants and necessary facts to support the affidavit, or an affidavit stating that Lincoln could not determine the servicemember-defendant's military status after performing adequate due diligence.

21.     No attorney was appointed to represent any of these servicemember-

---

[1] Lincoln requests default judgments using CIV-100 forms.

defendants for which Lincoln requested default judgments.

22.     Lincoln obtained default judgments against these servicemember-defendants.

23.     Lincoln's conduct constitutes a violation of 50 U.S.C. § 3931.

24.     These servicemember-defendants and their dependents have been injured by, and have suffered damages as a result of, Lincoln's illegal conduct.

25.     Lincoln's practice of improperly obtaining default judgments against servicemembers in unlawful detainer actions is of significant public importance because servicemembers and their dependents have been evicted from their residences while on military duty without being given a chance to be heard in the court proceedings against them.

26.     Lincoln's conduct was intentional, willful, and taken in disregard for the rights of servicemembers.

## SERVICEMEMBER CIVIL RELIEF ACT VIOLATIONS

27.     The United States realleges and incorporates by reference each allegation in the preceding paragraphs as if fully set forth herein.

28.     The SCRA provides that, in any civil action or proceeding in which the defendant does not make an appearance, "the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit . . . stating whether . . . the defendant is in military service and showing necessary facts to support the affidavit . . .." 50 U.S.C. § 3931(a)-(b)(1)(A).

29.     Lincoln engaged in violations of 50 U.S.C. § 3931 that raise an issue of significant public importance when it improperly obtained default judgments against multiple servicemembers during periods of military service in unlawful detainer proceedings in which the servicemembers did not make appearances.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States prays for judgment against Lincoln, as follows:

1.      Declare that Lincoln's conduct violated the SCRA;

2.      Enjoin Lincoln, its agents, employees, and successors, and all other persons in active concert or participation with Lincoln, from:

 a. obtaining a default judgment in an unlawful detainer action against any servicemember during a period of military service without first filing with the court an affidavit:

  i. stating whether the defendant is in military service and showing necessary facts to support the affidavit; or

  ii. if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service;

 b. failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, each identifiable victim of Lincoln's illegal conduct to the position he or she would have been in but for Lincoln's illegal conduct;

 c. failing or refusing to take such actions as may be necessary to prevent the recurrence of any unlawful conduct in the future and to eliminate, to the extent practicable, the effects of its unlawful conduct, including implementing policies and procedures to ensure that no servicemembers are evicted without being afforded all the protections contained in the SCRA;

3.      Award appropriate monetary damages to each identifiable victim of

1    Lincoln's violation of the SCRA; and

2           4.      Assess civil penalties against Lincoln in order to vindicate the public

3    interest pursuant to 50 U.S.C. § 4041(b)(3).

4           The United States further prays for such additional relief as the interests of

5    justice may require.

6           The United States requests a trial by jury.

7    DATED:      August 10, 2016                    Respectfully submitted,

8
     LAURA E. DUFFY                                 LORETTA LYNCH
9    United States Attorney                         Attorney General
     Southern District of California
10
                                                    VANITA GUPTA
11                                                  Principal Deputy Assistant Attorney
     JOSEPH P. PRICE, JR.                           General
12   DYLAN M. ASTE                                  Civil Rights Division
13   Assistant United States Attorneys
     United States Attorneys' Office                SAMEENA SHINA MAJEED
14   Southern District of California                Chief
15   880 Front Street, Room 6293                    Housing and Civil Enforcement Section
     San Diego, CA 92101                            Civil Rights Division
16   Tel: (619) 546-7642/7621
17   Fax: (619) 546-7751
     Email: Joseph.Price@usdoj.gov                  ELIZABETH A. SINGER
18   Email: Dylan.Aste@usdoj.gov                    Director, U.S. Attorneys' Fair Housing
19                                                  Program
                                                    Housing and Civil Enforcement Section
20                                                  Civil Rights Division

21

22

23

24

25

26

27

28