**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | Case No. 16-cv-2008-BAS-NLS |
| Plaintiff, | **CONSENT ORDER** |
| v. | |
| SAN DIEGO FAMILY HOUSING, LLC; and LINCOLN MILITARY PROPERTY MANAGEMENT, LP d/b/a LINCOLN MILITARY HOUSING, | |
| Defendants. | |

**I.** **INTRODUCTION**

This Consent Order is submitted jointly by the parties for the approval of and entry by the Court simultaneously with the filing of the United States' Complaint in this action. This Consent Order resolves the allegations contained in the United States' Complaint that Defendants San Diego Family Housing, LLC; and Lincoln Military Property Management, LP d/b/a Lincoln Military Housing (collectively "Lincoln" or "Defendants") violated the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901-4043, when Defendants, through their counsel retained for unlawful detainer actions, pursued and obtained default judgments in

unlawful detainer actions against SCRA-protected servicemembers without filing a correct affidavit as to each servicemember's military status.[1]

The parties agree that the Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 50 U.S.C. § 4041(a).

The parties agree that, to avoid costly and protracted litigation, and without admission of liability, the claims against Defendants should be resolved without further proceedings or an evidentiary hearing. Therefore, as indicated by the signatures appearing below, the United States and Defendants agree to the entry of this Consent Order.

The effective date of this Consent Order will be the date on which it is approved and entered by the Court.

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED**:

## II.   **INJUNCTIVE RELIEF**[2]

1. Defendants, including through their officers, employees, agents, representatives, assigns, successors-in-interest, and any counsel retained to handle an unlawful detainer or eviction on behalf of Defendants are hereby enjoined from obtaining a default judgment in an unlawful detainer action against any servicemember during a period of military service without first filing with the court an affidavit:

   a. stating whether or not the defendant in the unlawful detainer action is in military service and showing necessary facts to support the affidavit; or

   b. if the plaintiff in the unlawful detainer action is unable to determine whether or not the defendant is in the military service,

---

[1] For purposes of this Consent Order, the term "SCRA-protected servicemember" includes servicemembers as defined in 50 U.S.C. §§ 3911(1)-(2) and 3917.

[2] Nothing in this Consent Order shall preclude Defendants from offering greater protections to servicemembers than those afforded by the Consent Order or the SCRA.

stating that the plaintiff is unable to determine whether or not the defendant is in the military service.

## III. <u>COMPLIANCE WITH THE SCRA AND SCRA POLICIES AND PROCEDURES</u>

2. Within 30 days of the effective date of this Consent Order, Defendants shall develop SCRA Policies and Procedures for default judgments in unlawful detainer actions in compliance with 50 U.S.C. § 3931. These policies and procedures must include:

a. in addition to any other reviews Defendants may perform to assess eligibility under the SCRA, before attempting to obtain a default judgment in an unlawful detainer action, Defendants will determine whether the tenant is an SCRA-protected servicemember who is in a period of military service by: (1) reviewing any military service information (including orders) it has received from the servicemember and (2) searching the Department of Defense Manpower Data Center ("DMDC") for evidence of SCRA eligibility by either (a) last name and social security number or (b) last name and date of birth.

b. if Defendants find, as part of the review required before filing an unlawful detainer action, that the tenant is a servicemember in a period of military service, Defendants shall not attempt to obtain a default judgment in the unlawful detainer action against that servicemember without first adhering to the injunctive requirements pursuant to Paragraph 5.

c. if Defendants pursue an unlawful detainer action against a tenant who is an SCRA-protected servicemember, and that servicemember fails to answer the action, Defendants will file an affidavit of military service with the court as required by

50 U.S.C. § 3931(b), stating that "the defendant is in military service" and attaching the most recent DMDC military status report or a copy of the military orders to the affidavit.

d. if Defendants initiate and pursue a waiver under a written agreement as provided in 50 U.S.C. § 3918, Defendants must initiate the waiver process with the servicemember at least 30 days in advance of any anticipated default judgment or other court action by providing a notice and a copy of the proposed waiver to the servicemember. To the extent that Defendants exercise this right, Defendants shall use a notice in the form attached as Exhibit A**.**

3. No later than 30 days after the effective date of this Consent Order, Defendants shall provide a copy of the proposed SCRA Policies and Procedures required under Paragraph 6 to counsel for the United States.[3] The United States shall respond to Defendants' proposed SCRA Policies and Procedures within 45 days of its receipt. If the United States objects to any part of Defendants' SCRA Policies and Procedures described in Paragraph 6, the parties shall confer to resolve their differences. If the parties cannot resolve their differences after good faith efforts to do so, either party may bring the dispute to this Court for resolution. Defendants shall implement the SCRA Policies and Procedures within 10 days of approval by the United States or the Court.

4. If, at any time during the term of this Consent Order, Lincoln proposes to materially change its SCRA Policies and Procedures described herein, it shall first provide a copy of the proposed changes to counsel for the

---

[3] All materials required by this Consent Order to be sent to counsel for the United States shall be sent by commercial overnight delivery addressed as follows: U.S. Attorney's Office, Civil Division, 880 Front Street, Room 6293, San Diego, CA 92101, and reference USAO No. 2014V00259.

United States.  If the United States does not deliver written objections to Lincoln within 45 days of receiving the proposed changes, the changes may be implemented.  If the United States makes any objections to the proposed changes within the 45-day period, the specific changes to which the United States objects shall not be implemented until the objections are resolved pursuant to the process described in Paragraph 7.

## IV.  TRAINING

5.   Within 45 days after Defendants' SCRA Policies and Procedures are approved by the United States or the Court pursuant to Paragraph 7, Defendants shall provide SCRA compliance training to any employees (including management personnel) who are involved in the process of pursuing unlawful detainer actions or other court proceedings where default judgments may be obtained (hereinafter "covered employees"). Defendants shall provide to each covered employee: (a) training on the terms of the SCRA specific to the employee's responsibilities associated with that employee's position; (b) training on the terms of Defendants' SCRA Policies and Procedures (both those required pursuant to Paragraph 6 and all others adopted by Defendants) specific to the employee's responsibilities associated with that employee's position; and (c) training on the terms of this Consent Order specific to the employee's responsibilities associated with that employee's position and his or her responsibilities and obligations under the SCRA.  Defendants shall also follow these training procedures for each of their employees who subsequently become covered employees within 30 days of their hiring, promotion, or transfer.

6.   During the term of this Consent Order, Defendants shall provide annual SCRA training, with the same content as described in Paragraph 9, to covered employees with respect to their responsibilities and obligations

1   under the SCRA, the SCRA Policies and Procedures, and the terms of
2   this Consent Order.

7.    Within 45 days of the United States' or the Court's approval of the
      SCRA Policies and Procedures pursuant to Paragraph 6, Defendants
      shall provide to the counsel of the United States the curriculum,
      instructions, and any written material included in the training required
      by Paragraph 9.  The United States shall have 45 days from receipt of
      these documents to raise any objections to Defendants' training
      materials, and, if it raises any, the parties shall confer to resolve their
      differences.  In the event they are unable to do so, either party may bring
      the dispute to this Court for resolution.

8.    The covered employees may undergo the training required by Paragraph
      9 via live training, computer-based training, web-based training, or
      interactive digital media.  If the training is conducted in any format other
      than live training, Defendants shall ensure that covered employees have
      the opportunity to have their questions answered within 2 business days
      of the training by a company contact that Defendants identify as having
      SCRA expertise.  Any expenses associated with the training program
      required by Paragraph 9 shall be borne by Defendants.

9.    Defendants shall secure a signed statement in the form attached as
      Exhibit B[4] from each covered employee at the training required by
      Paragraph 9 acknowledging that he or she has received, read, and
      understands the SCRA Policies and Procedures specific to the
      employee's responsibilities associated with default judgments and
      unlawful detainers, has had the opportunity to have his or her questions
      about these documents answered, and agrees to abide by them.  For the

---

[4] The electronic signature of a covered employee shall be deemed satisfactory for purposes of verifying completion of the training required under this Consent Order.

duration of this Consent Order, copies of those signed statements shall be provided to the United States upon request. Defendants shall also certify in writing to counsel for the United States that the covered employees successfully completed the training required by Paragraph 9. During the duration of this Consent Order, Defendants will provide a copy of this Consent Order and the SCRA Policies and Procedures to any legal counsel retained to represent Defendants in unlawful detainer actions. Defendants shall require its counsel to acknowledge in writing that counsel is familiar with the requirements of the SCRA, is familiar with any state counterpart to the SCRA, and will abide by the legal requirements prior to representing Defendants in an eviction proceeding.

## V. <u>SETTLEMENT AMOUNT</u>

10. Defendants shall pay to the United States the amount of $200,000 ("Settlement Amount") as:

    a. compensation to the persons whom the United States has determined to be victims of Defendants' actions in violation of the SCRA ("Aggrieved Servicemembers"), in the amount of $140,000, as described in Section VI; and

    b. a civil penalty, pursuant to 50 U.S.C. § 4041(b)(3), to vindicate the public interest, in the amount of $60,000.

Defendants shall pay the Settlement Amount by electronic funds transfer, pursuant to written instructions to be provided by the United States Attorney's Office for the Southern District of California, no later than 15 days after the effective date of this Consent Order. The United States Attorney's Office for the Southern District of California will administer the Settlement Amount for proper distribution as set forth herein.

## VI. <u>COMPENSATION</u>

11. The United States contends that Defendants improperly obtained default

judgments against four servicemembers in violation of the SCRA. The names of these Aggrieved Servicemembers are provided in Exhibit D.

12. The United States will make reasonable efforts to locate the Aggrieved Servicemembers. The United States shall notify each located Aggrieved Servicemember of the subject settlement by letter (using Exhibit C-1 or a modified version mutually agreeable to Defendants and the United States). All letters mailed pursuant to this Paragraph shall be accompanied by the Declaration at Exhibit C-2 and the Release at Exhibit C-3.

13. Within 15 days of receiving the original executed Release from an Aggrieved Servicemember, the United States shall make payment in the amount of $35,000 to the Aggrieved Servicemember, and deliver the original or a copy of the original executed Release to counsel for Defendants.

14. In the event an original executed Release and an original executed Declaration have not been returned by an Aggrieved Servicemember within 6 months of the effective date of this Consent Order, any amount of money (including interest, if any) designated as compensation to that Aggrieved Servicemember ("the designated compensation funds") shall be distributed to a qualified organization that assists servicemembers and/or veterans (the "designated qualified organization"). Defendants have selected the Navy-Marine Corps Relief Society as the designated qualified organization. The United States does not object to Defendants' selected designated qualified organization. The Court approves the distribution of the funds as provided in this Paragraph. In the event the designated qualified organization is unable to receive the designated compensation funds, Defendants shall select another designated qualified organization and seek the non-objection of the

United States, and the parties shall obtain the Court's approval prior to distribution of any such designated compensation funds. The parties shall require that, within one year of receipt of designated compensation funds, the designated qualified organization that receives such funds shall submit to Defendants and the United States a detailed report on how such funds have been used.

15. Defendants will not be entitled to a set-off, or any other reduction, of the amount of compensation payments required by Paragraphs 14 and 17 because of any debts owed by the recipient Aggrieved Servicemember. Defendants also will not refuse to make a payment based on a release of legal claims made prior to the entry of this Consent Order or an arbitration agreement.

## VII. OTHER RELIEF

16. Concurrent with paying the Settlement Amount pursuant to Paragraph 14, Defendants must request that all three (3) major credit bureaus delete any information regarding the Aggrieved Servicemember(s) and any co-tenant(s) attributable specifically to the default judgments. Further, Defendants shall not pursue, and must indemnify the Aggrieved Servicemember(s) and his or her co-tenant(s) against any third-party's pursuing any deficiency related to the SCRA-protected leasing agreement.

17. Within 45 days following the effective date of this Consent Order, Defendants shall provide the United States with an accounting of all credit bureau repair requests submitted pursuant to Paragraph 20 and any action taken thereon.

18. Within 45 days following the effective date of this Consent Order, Defendants shall move the appropriate courts to vacate the default judgments of the Aggrieved Servicemembers whose cases were not

previously vacated.

## VIII. <u>ADDITIONAL REPORTING AND RECORD-KEEPING REQUIREMENTS</u>

19. For the duration of this Consent Order, Defendants shall retain all records relating to their obligations hereunder and all records relating to compliance activities as set forth herein. The United States shall have the right to review and copy any such records, including electronic data, upon reasonable request during the term of this Consent Order.

20. During the term of this Consent Order, Defendants shall notify counsel for the United States in writing every 6 months of receipt of any complaint related to a servicemember's rights protected by the SCRA. Defendants shall provide a copy of any written complaints with the notifications. Whether regarding a written or oral SCRA complaint, the notification to the United States shall include the full details of the complaint, including the complainant's name, address, and telephone number. Defendants shall also promptly provide the United States all information it may request concerning any such complaint and shall inform the United States in writing within 30 days of the terms of any resolution of such complaint. If the United States raises any objections to Defendants' actions, the parties shall meet and confer to consider appropriate steps to address the concerns raised by the United States' review. If the parties are unable to come to an agreement regarding such objections or concerns, any party may bring the dispute to this Court for resolution.

## IX. <u>SCOPE OF CONSENT ORDER</u>

21. The provisions of this Consent Order shall apply to Defendants, including through their officers, employees, agents, representatives, assigns, successors-in-interest, and any counsel retained to handle an

unlawful detainer or eviction on behalf of Defendants, and any of Defendants' subsidiaries, predecessors, acquired companies, or successors.

22. In the event that Defendants are acquired by or merge with another entity, Defendants shall, as a condition of such acquisition or merger, obtain the written agreement of the acquiring or surviving entity to be bound by any obligations remaining under this Consent Order for the remaining term of this Consent Order.

23. This Consent Order does not release claims for practices not addressed in the Complaint's allegations, and it does not resolve and release claims other than claims for violations of 50 U.S.C. § 3931. This Consent Order does not release any claims that may be held or are currently under investigation by any federal agency.

24. Nothing in this Consent Order will excuse Defendants' compliance with any currently or subsequently effective provision of law or order of a regulator with authority over Defendants that imposes additional obligations on it.

25. The parties agree that, as of the effective date of this Consent Order, litigation is not "reasonably foreseeable" concerning the matters described above. To the extent that either party previously implemented a litigation hold to preserve documents, electronically stored information (ESI), or things related to the matters described above, the party is no longer required to maintain such litigation hold. Nothing in this Paragraph relieves either party of any other obligations imposed by this Consent Order.

## X. MODIFICATIONS, ATTORNEY'S FEES AND COSTS, AND REMEDIES FOR NON-COMPLIANCE

26. Any time limits for performance imposed by this Consent Order may be

extended by the mutual written agreement of the parties.

27.    The parties shall be responsible for their own attorney's fees and court costs, except as provided for in Paragraph 32.

28.    The parties shall endeavor in good faith to resolve informally any differences regarding the interpretation of and compliance with this Consent Order prior to bringing such matters to the Court for resolution. However, in the event the United States contends that there has been a failure by Defendants, whether willful or otherwise, to perform in a timely manner any act required by this Consent Order or otherwise comply with any provision thereof, the United States may move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring the performance of such act or deeming such act to have been performed, and an award of any damages, costs, and attorney's fees which may have been occasioned by Defendants' violation or failure to perform.

## XI.  RETENTION OF JURISDICTION

29.    The court shall retain jurisdiction over all disputes among the parties arising out of the Consent Order, including but not limited to interpretation and enforcement of the terms of the Consent Order.

30.    This Consent Order shall be in effect for a period of 2 years from its date of entry.  The Court shall retain jurisdiction for the duration of this Consent Order to enforce its terms, after which time this case shall be dismissed with prejudice.  The United States may move the Court to extend the duration of this Consent Order in the interests of justice.

**IT IS SO ORDERED.**


**DATED:  November 1, 2016**

Hon. Cynthia Bashant
United States District Judge

By their signatures below, the parties consent to the entry of this Consent Order.

For the United States:

LAURA E. DUFFY
United States Attorney
Southern District of California

JOSEPH P. PRICE, JR.
DYLAN M. ASTE
Assistant U.S. Attorneys
United States Attorney's Office
Southern District of California
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7642/7621
Fax: (619) 546-7751
Email: Joseph.Price@usdoj.gov
Email: Dylan.Aste@usdoj.gov

LORETTA LYNCH
Attorney General

VANITA GUPTA
Principal Deputy Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED
Chief
Housing and Civil Enforcement Section
Civil Rights Division

ELIZABETH A. SINGER
Director, U.S. Attorneys' Fair Housing
Program
Housing and Civil Enforcement Section
Civil Rights Division

For Defendants:

MICHAEL L. LIPMAN
HEATHER U. GUERENA
Duane Morris LLP
750 B Street, Suite 2900
San Diego, CA 92101
Tel.: (619) 744-2209
Fax: (619) 923-2660
Email:
MLLipman@duanemorris.com

R. JARL BLISS
Vice President
LMH San Diego Property Management GP,
Inc.
On behalf of
SAN DIEGO FAMILY HOUSING, LLC and
LINCOLN MILITARY PROPERTY
MANAGEMENT, LP d/b/a LINCOLN
MILITARY HOUSING

**IMPORTANT NOTICE AFFECTING MILITARY SERVICEMEMBERS**

**WAIVER OF RIGHTS AND PROTECTIONS AFFORDED UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT**

Attached to this notice you will find a waiver of rights and protections that may be applicable to you and your dependents pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901-4043 ("SCRA"). The SCRA provides military personnel and their dependents with a wide range of legal and financial protections. Among other benefits and protections, the SCRA:

- May prohibit a landlord from evicting a servicemember or his or her dependents without a court order.

- May prohibit a landlord from obtaining a default judgment against a servicemember in an unlawful detainer action.

- May, in a court action, give the servicemember the right to postpone the case under certain conditions.

If you choose to sign the attached waiver, San Diego Family Housing, LLC; and Lincoln Military Property Management, LP d/b/a Lincoln Military Housing (collectively "Lincoln") will have the option to proceed with a default judgment against you without the protections of the SCRA. If you do not sign this waiver, Lincoln will be required to provide you the protections of the SCRA.

**Before waiving these important statutory rights, you should consult an attorney regarding how best to exercise your rights or whether it is in your interest to waive these rights under the conditions offered by Lincoln.**

**For More Information:**

- CONSULT AN ATTORNEY: To fully understand your rights under the law, and before waiving your rights, you should consult an attorney.

- JAG/LEGAL ASSISTANCE: Servicemembers and their dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. A military legal assistance

office locator for all branches of the Armed Forces is available at
http://legalassistance.law.af.mil/content/locator.php.

- MILITARY ONESOURCE: "Military OneSource" is a U.S. Department of Defense-funded program providing information on military life to servicemembers and their families. *See* http://www.militaryonesource.com.

I acknowledge that I have received and read the above information regarding my rights and protections under the SCRA, and that I should consult an attorney regarding whether it is in my interest to waive my SCRA rights.

_____

[PRINT NAME]

_____

[SIGNATURE]

_____

[DATE]

<u>EXHIBIT B</u>

**ACKNOWLEDGMENT**


      I acknowledge that on the following date: _____, I was provided training regarding SCRA compliance and copies of Lincoln Military Housing's SCRA Policies and Procedures which are applicable to my duties.  I have read and understand these documents and have had my questions about these documents and the SCRA answered.  I understand my legal responsibilities and shall comply with those responsibilities.


_____

[PRINT NAME]


_____

[SIGNATURE]


_____

[JOB TITLE]

EXHIBIT C-1

**NOTICE AND DECLARATION**

Dear [SERVICEMEMBER'S NAME]:

The United States Department of Justice recently entered into a settlement with San Diego Family Housing, LLC; and Lincoln Military Property Management, LP d/b/a Lincoln Military Housing (collectively "Lincoln") regarding alleged violations of the Servicemembers Civil Relief Act ("SCRA"). In connection with this settlement, you have been identified as a person who may have been eligible for SCRA protection when a default judgment was issued against you in an unlawful detainer action brought against you by Lincoln or one of its affiliates.

Please read and carefully complete the enclosed Declaration and Release. Once complete, please sign and return the enclosed Declaration and Release to our office in the postage paid envelope. After we receive these documents, we will determine if you were eligible for SCRA protection at the time that the default judgment was issued against you. You will receive a response either in the form of a check, instructions for an electronic funds transfer, or a letter explaining why you were not eligible for protection under the SCRA.

You should be aware that any money you are eligible to receive may have consequences with respect to your federal, state, or local tax liability, as well as eligibility for any public assistance benefits you may receive. Neither the Department of Justice nor Lincoln can advise you on tax liability or any effect on public assistance benefits. You may wish to consult with a qualified individual or organization about any possible tax or other consequences resulting from your receipt of this payment.

If you have any questions concerning the Declaration, Release, or Consent Order, please contact the United States Attorney's Office, Civil Division, at (619) 546-7516.


Sincerely,


Office of the United States Attorney, Southern District of California
United States Department of Justice


Enclosures

EXHIBIT C-2

**DECLARATION**

I, [INSERT NAME], do hereby declare and state as follows:

1.      I rented housing from Lincoln Military Housing (*i.e.*, Lincoln Military Property Management, LP); San Diego Family Housing, LLC; or one of their affiliates.  I was later evicted from the property.

2.      I executed the property lease on or about [LEASE EXECUTION DATE].

3.      On or about [DATE OF DEFAULT JUDGMENT], I was in one of the following types of military service:

   a) full-time active duty with the armed forces of the United States (Army, Navy, Air Force, Marine Corps, or Coast Guard);

   b) a period of active service with the National Guard: i) authorized by the President or the Secretary of Defense; ii) longer than thirty (30) consecutive days; iii) under orders issued under 32 U.S.C. § 502(f); and iv) for the purpose of  responding to a national emergency declared by the President and supported by federal funds;

   c) active service as a commissioned officer of the Public Health Service or the National Oceanic and Atmospheric Administration;

   d) a period of time during which I was a servicemember absent from duty on account of sickness, wounds, leave, or other lawful cause; or

   e) a member of a reserve component who had received orders to report for one of the forms of military service listed above.

4.      Please consider the following additional information in support of this Declaration:

_____
_____
_____
_____
_____

I affirm that the foregoing is true and correct.


Executed this the ___ day of _____, 2016.


SIGNATURE: _____


PRINT NAME: _____


If you have any additional questions about this declaration, please contact the
United States Attorney's Office, Civil Division, at (619) 546-7516.

<u>EXHIBIT C-3</u>

**RELEASE**

In consideration for the parties' agreement to the terms of the Consent Order entered by the United States District Court for the Southern District of California in <u>United States v. San Diego Family Housing, LLC; and Lincoln Military Property Management, LP d/b/a Lincoln Military Housing</u>, Case No. 16-CV-_____ (S.D. Cal. 2016)  and payment to me of $35,000.00, I, [SERVICEMEMBER'S NAME], hereby release and forever discharge all claims, arising prior to the date of this Release, related to the facts at issue in the litigation referenced above and related to the alleged violation of Section 3931 of the Servicemembers Civil Relief Act, that I may have against San Diego Family Housing, LLC; Lincoln Military Property Management, LP d/b/a Lincoln Military Housing; and all related predecessors, successors, and all of its past and present directors, officers, agents manager, supervisors, shareholders, and employees and its heirs, executors, administrators, successors, or assigns.

Executed this the _____ day of _____, 2016.

SIGNATURE: _____

PRINT NAME: _____

<u>EXHIBIT D</u>

**AGGRIEVED SERVICEMEMBERS**

1. Brewer, Christopher
2. Hendrix, Gary
3. Hosea, Charles
4. White, Claudia